**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD M. HOUGHTON, | No. 11-35623 |
| Plaintiff - Appellant, | D.C. No. 6:09-cv-06237-TC |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 7, 2012[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Edward Houghton appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits under Title II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's judgment upholding the denial of social security benefits.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence.  *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Houghton contends the ALJ improperly discredited his subjective statements concerning the intensity, persistence, and limiting effects of his impairments.  An ALJ's credibility determination must be based on specific findings supported by substantial evidence and clear and convincing reasons.  *Tommasetti*, 533 F.3d at 1039; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160-61 (9th Cir. 2008).

The ALJ provided a clear and convincing explanation for his credibility finding, supported by statements from treating and examining sources who believed Houghton exaggerated his symptoms and suspected he was malingering, by the conservative nature of the treatment Houghton received, and by evidence that Houghton engaged in activities that were inconsistent with the debilitating symptoms he alleged.  These are proper factors for evaluating credibility, the

findings are sufficiently specific to show that the ALJ's credibility determination was not arbitrary, and the reasoning is clear and convincing. *Tommasetti*, 533 F.3d at 1039-40.

Houghton contends the ALJ improperly discounted the opinions of two of his treating physicians, Richard Sandell, M.D., and Michael Pylman, M.D. The ALJ discounted their opinions in favor of contradictory opinions of other physicians. An ALJ can reject a treating physician's opinion in favor of a contradictory medical opinion if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ found the opinions of Drs. Sandell and Pylman internally inconsistent, unsupported by their own treatment records or clinical findings, inconsistent with the record as a whole, and premised primarily on Houghton's subjective statements which the ALJ found unreliable. These findings provide a specific legitimate basis for the ALJ to discount Dr. Sandell's and Dr. Pylman's opinions in favor of other opinions which the ALJ found better supported by the evidence and more consistent with the record as a whole. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

-3-

Houghton contends the ALJ failed to consider his impairments in combination because he did not discuss Houghton's alleged depression, heart condition, sleep apnea, right heel injury, diabetes with neuropathy in the right leg, and obesity. In determining a claimant's residual functional capacity, an ALJ must consider the "limitations and restrictions" imposed by all of the claimant's impairments. Social Security Ruling 96-8p, 1996 WL 374184, *5. An ALJ is not required to discuss all the evidence presented in a case, but must explain why he chooses to discount "significant probative evidence." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Houghton has not shown that the ALJ discounted significant probative evidence of functional limitations or work-related restrictions arising from depression, a heart condition, sleep apnea, a right heel injury, diabetes with neuropathy in the right leg, or obesity. The ALJ was not required to discuss these alleged medical conditions in the absence of significant probative evidence that they had some functional impact on Houghton's ability to work.

Houghton contends the ALJ elicited testimony from the vocational expert using hypothetical assumptions that did not accurately reflect all of his functional limitations. The ALJ used hypothetical assumptions that accurately reflected the residual functional capacity assessment he reached after a thorough and comprehensive review of the evidence in the record. Houghton failed to show that

-4-

the ALJ erred in assessing his residual functional capacity. The hypothetical assumptions need not include limitations the ALJ found unsupported by the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Furthermore, the hypothetical assumptions need not be the only rational interpretation of the record. When the evidence supports more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Accordingly, even if the evidence could rationally be interpreted to support additional limitations, as Houghton contends, the court must defer to the ALJ's findings.

Appellee's motion to supplement the record on appeal, filed December 14, 2011, is granted.

The ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record as a whole. Accordingly, the judgment of the district court is **AFFIRMED.**